**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT AVALLONE and TANNA TODD, Individually and in Their Capacity as the Natural Parents and Legal Guardians of H.H., Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>L.N.K INTERNATIONAL INC., and WALGREEN CO.,<br><br>Defendant. | Civil No. 5:24-cv-00060-J |

**PLAINTIFFS' MOTION FOR RECONSIDERATION UNDER RULE 59(e)**

Plaintiffs, ROBERT AVALLONE and TANNA TODD, Individually and in Their Capacity as the Natural Parents and Legal Guardians of H.H., Minor Child, by and through undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 59(e) to reconsider its Order[1] granting Defendant LNK International Inc.'s ("LNK") Motion to Dismiss[2] and its Judgment entered on December 2, 2025.[3] In support, Plaintiffs' state:

**SUMMARY OF THE ARGUMENT**

Plaintiffs respectfully move this Court to reconsider its Order and Judgement entered on December 2, 2025, in which the Court (1) concluded it lacked personal jurisdiction over Defendant LNK, yet (2) proceeded to dismiss Plaintiffs' claims with prejudice on merits grounds including failure to state a claim and federal preemption. Because Supreme Court precedent makes clear that

[1] [Doc No. 57].
[2] [Doc No. 45].
[3] [Doc No. 58].

a court lacking personal jurisdiction is powerless to reach the merits, Plaintiffs request that the Court amend its Judgement to reflect that there is an absence of jurisdiction, and in the interest of justice, transfer this action to United States District Court for the Eastern District of New York.

## MEMORANDUM OF LAW & ARGUMENT

i. Legal Standard

Under Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); *See also* Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir.1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Servants of Paraclete, 204 F.3d 1012; *Cf.* Fed.R.App.P. 40(a)(2) (grounds for rehearing).

ii. A Court Without Personal Jurisdiction Cannot Adjudicate the Merits of Any Claim

Because this Court expressly determined that it lacks personal jurisdiction over Defendant LNK, it could not issue any rulings on the merits, including those addressing Rule 12(b)(6) sufficiency of pleadings or federal preemption under the Poison Prevention Packaging Act ("PPPA"). Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 423 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject-matter jurisdiction) and the parties (personal jurisdiction)...")); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 84 (1998) ("This Court declines to endorse the "doctrine of hypothetical jurisdiction"... That doctrine carries the courts beyond the bounds of

authorized judicial action and thus offends fundamental separation-of-powers principles. In a **long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit**"). (emphasis added).[4] For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an ultra vires act. Steel Co., 523 U.S. at 84.

A 12(b)(2) Motion for lack of Personal Jurisdiction is a matter in abatement not a dismissal on the merits. *See* Int'l Distribution Centers, Inc. v. Walsh Trucking Co., Inc., No. 82 CIV. 8709 (JFK), 1984 WL 545, at *2 (S.D.N.Y. June 22, 1984) ("Personal jurisdiction relates to whether the Court has the power to assert its jurisdiction over a particular party") (citing Wright & Miller, Federal Practice and Procedure § 1353, at 580). *See also* Schick v. Oyer, No. 07–cv–629, 2008 WL 4501935, at *5 (W.D.N.Y. Sept.29, 2008) ("finding that a personal jurisdiction dismissal was not an "adjudication on the merits").

On the other hand, federal preemption is an affirmative defense. Glover v. Bausch & Lomb Inc., 6 F.4th 229, 236 (2d Cir. 2021),certified question answered, 343 Conn. 513, 275 A.3d 168 (2022) ("[a]s the district court correctly noted, preemption is "an affirmative defense"); *See generally* Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018). Although the Tenth Circuit has not addressed whether preemption is an "avoidance or affirmative defense" that must be pleaded, several other Circuits have held that certain types of preemption are affirmative

[4] *See e.g.,* Capron v. Van Noorden, 2 Cranch 126, 2 L.Ed. 229; Arizonans for Official English v. Arizona, 520 U.S. 43, 73, 117 S.Ct. 1055, 1071-1072, 137 L.Ed.2d 170; National Railroad Passenger Corp. v. National Assn. of Railroad Passengers, 414 U.S. 453, 465, n. 13, 94 S.Ct. 690, 696, n. 13, 38 L.Ed.2d 646; Norton v. Mathews, 427 U.S. 524, 531, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672; Secretary of Navy v. Avrech, 418 U.S. 676, 678, 94 S.Ct. 3039, 3040, 41 L.Ed.2d 1033 *(per curiam);* United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537; and Chandler v. Judicial Council of Tenth Circuit, 398 U.S. 74, 86–88, 90 S.Ct. 1648, 1654–1656, 26 L.Ed.2d 100, distinguished.

defenses.[5] DIRECTV, Inc. v. Barrett, 311 F. Supp. 2d 1143, 1147 (D. Kan. 2004). The court holds here that preemption is an "avoidance or affirmative defense" that must be pleaded pursuant to Fed.R.Civ.P. 8(c). Id.

In its Order, this Court found no basis for exercising personal jurisdiction over Defendant LNK, a New York corporation. [Doc No. 57 at pg. 6, 11]. Once a district court concludes that personal jurisdiction is absent, "a federal court generally may not rule on the merits of a case." Sinochem Intern. Co. Ltd., 549 U.S. at 423. Here, after concluding that Plaintiffs failed to establish a prima facie showing that specific personal jurisdiction exists over Defendant LNK, the Court proceeded to adjudicate Defendant LNK's Rule 12b(6) challenges. Respectfully, once this Court concluded it lacked personal jurisdiction over LNK, it could not proceed to adjudicate any merits-based arguments, including Rule 12(b)(6) failure to state a claim or federal preemption under the Poison Prevention Packaging Act ("PPPA"). Indeed, The Supreme Court has made clear that when jurisdiction is lacking, "a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit." Steel Co., 523 U.S. at 84.

This principle applies with equal force regardless of whether the merits ruling concerns factual sufficiency or legal defenses such as preemption. A Rule 12(b)(2) dismissal for lack of personal jurisdiction is a matter in abatement, not an adjudication on the merits. Int'l Distribution Centers, Inc. v. Walsh Trucking Co., Inc., No. 82 CIV. 8709 (JFK), 1984 WL 545, at *2 (S.D.N.Y.

---

[5] *See, e.g.,* Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir.2003) (holding that ERISA preemption is affirmative defense); Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1266 (9th Cir.1996) (holding that Fair Debt Collection Practices Act preemption is affirmative defense that must have been raised at the trial court level); Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 449 (1st Cir.1995) (holding that ERISA preemption is affirmative defense); Jordan v. Clayton Brokerage Co. of St. Louis, Inc., 975 F.2d 539, 541 (8th Cir.1992) (holding that Commodity Exchange Act preemption is affirmative defense that must have been raised at the trial court level).

June 22, 1984); Schick v. Oyer, No. 07–cv–629, 2008 WL 4501935. Conversely, preemption is an affirmative defense. Glover v. Bausch & Lomb Inc., 6 F.4th 229; Fernandez v. Clean House, LLC, 883 F.3d 1296; DIRECTV, Inc. v. Barrett, 311 F. Supp. 2d 1143. A federal court lacking personal jurisdiction cannot resolve an affirmative defense any more than it can evaluate the sufficiency of a claim under Rule 12(b)(6). Both determinations constitute merits adjudications that presuppose jurisdiction over the parties and the controversy.

The Court's dismissal of Plaintiffs' claims **with prejudice** further underscores the need for reconsideration. A dismissal with prejudice operates as an adjudication on the merits. Yet, the Supreme Court has held that a court without personal jurisdiction is powerless to reach the merits and therefore may not enter a judgment that has preclusive effect. Sinochem Intern. Co. Ltd., 549 U.S. at 423. Doing so results in manifest injustice and clear legal error, exactly the circumstances in which Rule 59(e) relief is appropriate. Fed. R. Civ. P. 59(e).

Because jurisdiction is a threshold inquiry that must be resolved before any merits considerations, and because this Court concluded that such jurisdiction is absent, the only permissible disposition was (1) dismissal without prejudice for lack of personal jurisdiction, or (2) transfer to a proper forum under 28 U.S.C. § 1631.

iii. Transfer Is Required in the Interest of Justice Under 28 U.S.C. § 1631

Under 28 U.S.C.A. § 1631, "whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed

for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred. 28 U.S.C.A. § 1631 (West).

The Tenth Circuit has held that 28 U.S.C.A. § 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction," and that it "served to simplify the process and streamline its application." Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1527 (10th Cir.1987). Further, the Tenth Circuit has held that although many courts have interpreted 28 U.S.C.A. §1406(a)[6] to permit transfer where personal jurisdiction is lacking, the enactment of §1631 makes such a "strained" construction "no longer necessary." Viernow v. Euripides Devel. Corp., 157 F.3d 785, 793 (10th Cir.1998).

The phrase "if it is in the interest of justice" grants a district court discretion in making the decision to transfer the action or instead to dismiss the action without prejudice. *See* Driggers v. Clark, 422 Fed.Appx. 747, 749–50 (10th Cir.2011) (unpublished) (citing Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir.2006)). If "a district court does not exercise its discretion, or makes a decision without providing reasons, it abuses that discretion." Trujillo, 465 F.3d at 1223.

[6] Prior to the enactment of §1631, The Supreme Court in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S. Ct. 913, 915–16, 8 L. Ed. 2d 39 (1962) discussed the history and purpose of §1406, and stated, "The problem which gave rise to the enactment of the section **was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn**. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * * business' in the Eastern District of Pennsylvania. The language and history of s 1406(a), both as originally enacted and as amended in 1949, show a **congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice**." (emphasis added).

In this case, on May 10, 2022, Plaintiffs' minor child, H.H. suffered catastrophic injuries as a result of Defendant LNK's defective Subject Bottle. *See generally* [Doc. No. 41, Second Amended Complaint]. Because the statute of limitations has now expired, a dismissal without prejudice would effectively forever bar Plaintiffs' claims. Congress enacted § 1631 precisely to avoid this type of injustice, i.e., the forfeiture of a claim solely because plaintiff initially filed in a court lacking jurisdiction. The statute mandates that where a case was originally filed in the wrong court, the Court "shall, if it is in the interest of justice, transfer" the action to a court in which it could have been brought when filed. 28 U.S.C.A. § 1631 (West). Defendant LNK is a New York corporation with its principal place of business in Hauppauge, New York [Doc. No. 46, at pg. 4]. Accordingly, this action could have been brought in the United States District Court for the Eastern District of New York at the time of filing. Because dismissal would permanently extinguish Plaintiffs' claims and because transfer is the remedy Congress intended where a case is filed in a court lacking jurisdiction, Plaintiffs respectfully request that this action be transferred to the Eastern District of New York pursuant to 28 U.S.C.A. § 1631.

## CONCLUSION

Accordingly, because the Court lacked personal jurisdiction over Defendant LNK, it was without authority to adjudicate any merits-based defenses, and the judgment must be amended remove all merits rulings and to effect a transfer to a court possessing proper jurisdiction. For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Grant this Motion for Reconsideration;
2. Vacate the merits-related portions of its Order and Judgment [Doc. Nos. 57, 58];
3. Amend the Judgment to reflect a transfer of this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C.A. § 1631; and

4. Grant such other relief as the Court deems just and proper.

Dated: December 23, 2025,

Respectfully Submitted,

/s/ *Bria Moos*
Bria Moos (OK Bar#: 32412)
Daniel P. Markoff (OK Bar#: 14886)
Adler Markoff & Associates
9211 Lake Hefner Parkway, Suite 204
Oklahoma City, OK 73120
Email: bhanlon@amalaw.com
dmarkoff@amalaw.com

And,

**RUDWIN AYALA, ESQ.**
Florida Bar No.: 0084005
**Admitted Pro Hac Vice*
**MORGAN & MORGAN, P.A.**
1700 Palm Beach Lakes Blvd., Ste. 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Email: rayala@forthepeople.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record; and was emailed to Counsel for Defendants:

Mark E. Hardin, Esq., mhardin@piercecouch.com

Katy Koski, Esq., kkoski@foley.com

Lea Gulotta James, Esq., ljames@foley.com

/s/ *Bria Moos*
Bria Moos (OK Bar#: 32412)
*Counsel for Plaintiffs*