**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROBERT AVALLONE and TANNA TODD, Individually and in Their Capacity as the Natural Parents and Legal Guardians of H.H., Minor Child, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. CIV-24-60-J |
| L.N.K. INTERNATIONAL INC., and WALGREEN CO., | ) | |
| Defendants. | ) | |

**ORDER**

On July 17, 2025, Defendant L.N.K. International Inc. (LNK) moved to dismiss Plaintiffs' Second Amended Complaint, arguing lack of personal jurisdiction, preemption, and failure to state a claim upon which relief can be granted. [Doc. Nos. 45–46]. On the same day, Defendant Walgreen Co. (Walgreen) separately moved to dismiss Plaintiffs' Second Amended Complaint, asserting identical arguments concerning preemption and failure to state a claim. [Doc. No. 47]. In December 2025, the Court entered an Order and Judgment dismissing this case, finding that the Court lacks personal jurisdiction over LNK, Plaintiffs' claims are preempted, and Plaintiffs failed to state a claim upon which relief can be granted. [Doc. Nos. 57–58].

Plaintiffs now move for reconsideration of the Court's Order and Judgment under Fed. R. Civ. P. 59(e). [Doc. No. 60]. LNK has filed a response [Doc. No. 68] and Plaintiffs have not filed a reply.[1] "Rule 59(e) relief is available in limited circumstances, including (1) an intervening

[1] Plaintiffs also pursued an appeal to the United States Court of Appeals for the Tenth Circuit, *see* [Doc. No. 59], but the appeal was dismissed with prejudice because the parties filed a Joint Stipulation of Dismissal and jurisdiction was transferred back to this Court. [Doc. Nos. 69–70].

change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citation modified). In general, reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law" but "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, Plaintiffs argue reconsideration is warranted because the Court was prohibited from issuing "any rulings on the merits, including those addressing Rule 12(b)(6) sufficiency of pleadings or federal preemption" after concluding that it lacks personal jurisdiction over LNK. [Doc. No. 60 at 2–3]. The Court agrees. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84, (1998) ("[W]ithout proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit."). And because the Court dismissed Plaintiffs' claims against LNK with prejudice, reconsideration is warranted to cure clear error and prevent manifest injustice. [Doc. No. 60 at 5]; *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."); *see also Bauchman v. W. High Sch.*, 132 F.3d 542, 549–50 (10th Cir. 1997) (reasoning that district court abused its discretion in dismissing state law claims with prejudice after finding it lacked federal subject matter jurisdiction). Accordingly, Plaintiffs' motion for reconsideration [Doc. No. 60] is GRANTED.

Considering this conclusion, Plaintiffs request that the Court amend its Judgment and transfer the action under 28 U.S.C. § 1631 to the United States District Court for the Eastern District of New York because dismissal "would permanently extinguish Plaintiffs' claims" since the statute of limitations has now expired. [Doc. No. 60 at 2, 7]. In seeking this relief, however, Plaintiffs have not challenged the Court's substantive or factual findings in its prior Order. [Doc. No. 68 at 1, 3]. This is key because, as LNK points out, a district court has discretion to "take a peek" at the merits to determine if the action should be transferred under 28 U.S.C. § 1631 "in the interests of justice" rather than dismissed. *Trujillo v. Williams*, 465 F3d 1210, 1222 (10th Cir. 2006); *Id.* at 3–4. As a matter of pragmatism, the purpose of permitting a district court to "take a peek" is "to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

Functionally, the Court already peeked at the merits and determined that Plaintiffs' claims are not likely to have merit because they are preempted, and Plaintiffs have failed to state a claim upon which relief can be granted. Thus, although the Court determines reconsideration is warranted, it need not vacate the prior Order and Judgment in their entirety.[2] Instead, the prior Order and Judgment [Doc. Nos. 57–58] are VACATED IN PART and amended to incorporate two changes: (a) dismissal with respect to LNK is without prejudice due to the lack of personal jurisdiction and (b) after peeking at the merits, the Court concludes transfer is not in the interests of justice. *See Arocho v. Lappin*, 461 F. App'x 714, 720 (10th Cir. 2012) (remanding "solely for

[2] The Court does not disturb its prior findings or conclusions as to Defendant Walgreen. Nor does the Court disturb its prior Judgment as to Walgreen.

the district court to modify its judgment to reflect that its dismissal of the claim" for lack of personal jurisdiction "is without prejudice").

In sum, Plaintiffs' motion for reconsideration [Doc. No. 60] is GRANTED and the Court's prior Order and Judgment [Doc. Nos. 57–58] are VACATED IN PART. An Amended Order and Judgment will enter.

IT IS SO ORDERED this 5th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE